**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| VIGINIA BROWN, | CASE NO.: |
| Plaintiff, | |
| vs. | |
| DITECH FINANCIAL, LLC AND NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING, | DEMAND FOR JURY TRIAL |
| Defendants. | |

_____/

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, Viginia Brown (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendants, Ditech Financial, LLC (hereafter "Ditech") and New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, (hereafter "Shellpoint" and collectively "Defendants"), and states as follows:

**PRELIMINARY STATEMENT**

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA) and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

1

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendants transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Pinellas County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Ditech is a foreign limited liability company as registered with the Florida Department of State and has a principal address of 1100 Virginia Drive, Suite 100A, Fort Washington, PA 19034. Ditech can be served via its process server, CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

7. Shellpoint is a foreign limited liability company as registered with the Florida Department of State and has a principal address of 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462-1708. Shellpoint can be served via its process server, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

8. Defendants are "creditor[s]," as defined by the FCCPA, Fla. Stat. § 559.55(5) and do business throughout the state of Florida, including Pinellas, Florida.

9. Defendants are "person[s]" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

10. The conduct of Defendants, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendants placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

11. Ditech, at all material times, was attempting to collect a debt relating to a mortgage account number ending in –1559.

12. Shellpoint, at all material times, was attempting to collect a debt relating to a mortgage account number ending in –9461.

13. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

14. Plaintiff revoked any prior express consent for Ditech to contact Plaintiff via cellular telephone or any other form of communication on August 4, 2016 through a facsimile transmission to Defendant's facsimile number, (866) 870-9919.

15. On September 16, 2017, the servicing of the subject mortgage loan by Ditech was transferred to Shellpoint.

16. As a result of the servicing transfer, Plaintiff's written notice of revocation was transferred from Ditech to Shellpoint.

17. Despite the servicing transfer from Ditech to Shellpoint and Plaintiff's written revocation of consent to be contacted via cellular telephone, Shellpoint contacted Plaintiff via her cellular telephone.

18. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

19. In addition to the request not to be contacted by Defendants, Plaintiff directed Defendants to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

20. Plaintiff is the regular user and carrier of the cellular telephone number ending in -7932 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

21. Defendants knowingly and/or willfully called Plaintiff's cellular telephone after Defendants had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

22. Defendants knowingly and/or willfully called Plaintiff's cellular telephone after Defendants had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

23. Defendants knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to four (4) times per day after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

24. Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

25. The following phone numbers, including, but not limited to, (904) 516-3217 and (469) 499-0443, are phone numbers Ditech used to call Plaintiff's cellular telephone.

26. The following phone numbers, including, but not limited to, (864) 312-4600 and (866) 825-2174, are phone numbers Shellpoint used to call Plaintiff's cellular telephone.

27. Defendants have, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

28. Defendants placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

29. Plaintiff did not speak with a representative during some of the phone calls placed by Defendants because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

30. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

31. Plaintiff did not speak with a live representative during some of the phone calls because many were made by Defendants using an artificial or pre-recorded voice.

32. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendants and did not consent to Defendants' direct communication with Plaintiff.

33. The calls from Defendants to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

34. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

35. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

36. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
### (Brown v. Ditech)

37. Plaintiff incorporates all allegations in paragraphs 1-36 as if stated fully herein.

38. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

39. Ditech violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

40. Specifically, Ditech continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified in writing to no longer call Plaintiff's cellular telephone.

41. Despite Ditech's knowledge of Plaintiff's request not to be contacted via cellular telephone and advisement of representation by counsel, Ditech continued to call Plaintiff's cellular telephone.

42. The continued contact by Ditech was abusive and harassing to Plaintiff.

**WHEREFORE**, Plaintiff, Virginia Brown, demands judgment against Defendant, Ditech Financial, LLC, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

  e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
**(Brown v. Shellpoint)**

43. Plaintiff incorporates all allegations in paragraphs 1-36 as if stated fully herein.

44. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

45. Shellpoint violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

46. Specifically, Shellpoint continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified in writing to no longer call Plaintiff's cellular telephone.

47. Despite Shellpoint's knowledge of Plaintiff's request not to be contacted via cellular telephone and advisement of representation by counsel, Shellpoint continued to call Plaintiff's cellular telephone.

48. The continued contact by Shellpoint was abusive and harassing to Plaintiff.

**WHEREFORE**, Plaintiff, Virginia Brown, demands judgment against Defendant, New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, for the following relief:

  a. any actual damages sustained by Plaintiff as a result of the above allegations;

  b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

  c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the Court deems just and proper.

**COUNT III**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**
**(Brown v. Ditech)**

49. Plaintiff incorporates all allegations in paragraphs 1-36 as if stated fully herein.

50. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

51. Ditech violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

52. Specifically, Ditech continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, Virginia Brown, demands judgment against Defendant, Ditech Financial, LLC, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendants, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)
**(Brown v. Shellpoint)**

53. Plaintiff incorporates all allegations in paragraphs 1-36 as if stated fully herein.

54. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

55. Shellpoint violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

56. Specifically, Shellpoint continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, Virginia Brown, demands judgment against Defendant, New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendants, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the Court deems just and proper.

## COUNT V
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

57. Plaintiff incorporates all allegations in paragraphs 1-36 as if stated fully herein.

9

58. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

59. Defendants used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

60. Defendants independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendants placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

61. The phone calls made by Defendants are considered willing and knowing violations of the TCPA, as Defendants are well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, Virginia Brown, demands judgment against Defendants, Ditech Financial, LLC and New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, for the following relief:

   a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

   b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendants' independent violations were made willfully or knowingly; and

   c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
Virginia Brown

Date: 6-14-18

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@bosslegal.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 449-8792
**Attorney for Plaintiff**